UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ITI HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 05-184-P-S |
| | ) | |
| PROFESSIONAL SCUBA | ) | |
| ASSOCIATION, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

*RECOMMENDED DECISION ON AMENDED MOTION
FOR AWARD OF ATTORNEY FEES*

Defendants Professional SCUBA Association, Inc., Professional SCUBA Association International, LLC, Hall Watts, Janice Watts, Michael Ange, Tools for Diving Education, Inc., David Crockford and Joseph Keiser[1] moved for an award of attorney fees and costs in this action which has been dismissed as to them. Motion for Award of Attorneys' Fees and Costs ("Motion") (Docket No. 47) at 1. The action was dismissed as to defendants Professional SCUBA Association, Inc., Professional SCUBA Association International, LLC, Hal Watts, Janice Watts and Tools for Diving Education, Inc. for lack of personal jurisdiction in this court and as to defendants Michael Ange, David Crockford and Joseph Keiser for failure to state a claim on which relief could be granted. Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 40) at 2. The dismissal was upheld on the plaintiff's appeal. Mandate (Docket No. 46).

---

[1] The plaintiff asserts that the motion "purports to be filed on behalf of all defendants," and then argues that defendant Joseph Odom is not entitled to an award of fees and costs. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Attorneys' Fees and Costs ("Opposition") (Docket No. 50) at 10-11. However, Odom is not named as one of the defendants bringing the instant
(*continued on next page*)

1

The motion has now been withdrawn as to defendants Professional SCUBA Association, Inc., Professional SCUBA Association International, LLC, Hall Watts, Janice Watts and David Crockford. Amended Motion for Award of Attorneys' Fees and Costs (Docket No. 62) ("Amended Motion") at 1. I will refer to the remaining defendants, Michael Ange, Tools for Diving Education, Inc. and Joseph Keiser, as the moving defendants. The substance of the motion remains the same.

The moving defendants contend that they are entitled to an award of attorney fees and costs[2] on the counts asserted in the complaint for trademark infringement, copyright infringement and misappropriation of trade secrets. Motion at 3. They cite as authority for this claim 15 U.S.C. § 1117(a) (court may award attorney fees to prevailing party in "exceptional" trademark case); *Broadcast Music, Inc. v. Larkin*, 672 F. Supp. 531, 535 (D. Me. 1987) (copyright case); and 10 M.R.S.A. § 1545 (court may award attorney fees to prevailing party if claim of misappropriation made in bad faith). *Id*. at 4.

The plaintiff's first argument in response is that the defendant against which the action was dismissed for lack of personal jurisdiction (Tools for Diving Education, Inc. ("TDE")) lacks standing to bring the motion. Opposition at 9-10. Without citation to authority, the plaintiff asserts that this defendant lacks standing to bring the motion because its claims against TDE "have not been adjudicated on the merits." *Id*. at 10. If attorney fees may be awarded after the dissolution of an injunction wrongly issued against a party over whom the plaintiff should have known the court in which he sought the injunction did not have personal jurisdiction, *Lueker v. First Nat'l Bank of Boston (Guernsey) Ltd.*, 82 F.3d 334, 337 (10th Cir. 1996) (New Mexico law), surely the same policy goals are served by allowing defendants over whom the plaintiff should have known this court did not have personal jurisdiction to seek attorney fees as a tool to prevent misuse of this court's

---

motion.

powers. The plaintiff did, after all, force TDE to incur the costs of seeking dismissal in this court while at least one other federal court exists that may exercise personal jurisdiction, as demonstrated by the current action proceeding in the Middle District of Florida. Opposition at 6-7.

The plaintiff next contends that the moving defendants are not prevailing parties as required by the terms of the statutes under which they seek attorney fees. *Id*. at 11-20. Citing *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co*., 782 F. Supp. 1314 (E.D. Wisc. 1991), a case that has been reversed on other grounds, *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co*., 8 F.3d 441, 448-51 (7th Cir. 1993), the plaintiff asserts that a prevailing party can only be one that "succeeds on a significant issue in the litigation after an adjudication on the merits" and points out that the Florida court in which many of its claims against some of the moving defendants are now pending held that this court's dismissal was not an adjudication on the merits for purposes of issue preclusion, Opposition at 12. With all due respect, the ruling of the Middle District of Florida regarding *res judicata* does not serve as persuasive authority for the question whether attorney fees should be available in this court in connection with this action. The *Milwaukee Concrete* court did say, without citation to authority, that it was "not convinced that the defendants have 'prevailed' in the sense contemplated by" the Copyright Act of 1976 because they had "not yet answered or otherwise addressed the merits of the complaint," 782 F. Supp. at 1318, but that was after the defendants had prevailed on a motion for change of venue. The defendants would still have to "address[] the merits of the complaint" in the same action in the proper court; that is not the case when an action is dismissed, as was the case here.

The moving defendants do not respond directly to this argument, conflating their response with their opposition to the assertion that TDE lacks standing. Reply in Support of Motion for Award of Attorneys' Fees and Costs ("Reply") (Docket No. 59) at 2-3. The status of the party seeking fees as a

---

[2] "[J]ust costs" are available when an action is dismissed in a federal district court. 28 U.S.C. § 1919.

"prevailing" party was not mentioned in *Lueker*, nor is the question discussed in the other authority cited by the moving defendants. Those courts which have directly addressed the issue have held that a party successful on a motion to dismiss for lack of personal jurisdiction is not a prevailing party for purposes of any statute making attorney fees available to prevailing parties. *See Caraustar Custom Packaging Group (Md.), Inc. v. Stockart.com, LLC*, 2006 WL 3371679 (W.D.N.C. Nov. 20, 2006), at *1 (federal copyright claim); *Dahn World Co. v. Chung*, 2006 WL 3313951 (D.Ariz. Nov. 13, 2006), at *2-*3; *Lichtenheld v. Juniper Features, Ltd.*, 1996 WL 685443 (N.D.Ill. Nov. 21, 1996), at *2. These courts reason that a court which lacks personal jurisdiction over a defendant lacks the power to decide any issue in favor of that defendant or to act in any way that benefits that defendant and that the defendant accordingly cannot be a prevailing party with respect to that litigation. This reasoning holds true as well for the claim brought by the plaintiff under state law, *see* 10 M.R.S.A. § 1545, as to which there is no Maine case law to date, *see Pearl Invs., LLC v. Standard I/O, Inc.*, 297 F.Supp.2d 335, 339 n.4 (D. Me. 2004) (Maine statute is adoption of Uniform Trade Secrets Act, interpretation of which follows federal patent law). I conclude that defendant Tools for Diving Education, Inc. is not entitled to attorney fees in this action, although it is entitled to recover its costs, as noted above.

With respect to the remaining defendants (Ange and Keiser), who obtained a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted, the plaintiff makes the same argument, asserting in addition that the dismissal occurred "because its counsel made a mistake and thereby caused ITI to default on its right to respond to defendants' motion to dismiss." Opposition at 12-13. The fact that the dismissal under Rule 12(b)(6) was "caused" by a mistake of counsel does not answer the question whether defendants who obtain such a dismissal are prevailing parties for the purpose of an award of attorney fees. Nor, for the reasons already stated, does the holding of the Florida district court with respect to *res judicata* answer that question. A defendant

4

who obtains a dismissal under Rule 12(b)(6) is not automatically entitled to recovery attorney fees, but he may recover them under certain conditions. *See, e.g., NXIVM Corp. v. Ross Inst.*, 2005 WL 1843275 (N.D.N.Y. Aug. 2, 2005), at *1, *2-*3 (defendant was "prevailing party" after court dismissed copyright claim under Rule 12(b)(6)); *Plotkin v. Bearings Ltd.*, 791 F. Supp. 383, 386 (E.D.N.Y. 1992) (prevailing on motion to dismiss under Rule 12(b)(6) not alone enough to warrant award of attorney fees); *Robinson v. C.R. Laurence Co.*, 105 F.R.D. 567, 568 (D. Colo. 1985) (same).

My conclusion that the remaining moving defendants are not barred from seeking attorney fees requires that I consider the factors discussed in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). In that case, the Supreme Court addressed a claim for attorney fees by a prevailing defendant in a copyright infringement action. *Id*. at 519. It held that prevailing defendants are to be awarded attorney fees in such cases in the exercise of the court's discretion, and that factors such as frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence may be considered. *Id*. at 534 & n.19. The First Circuit has adopted this approach. *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 72-75 (1st Cir. 1998). Here, the factors of frivolousness and motivation are now hotly disputed by the parties, and I see no way in which deterrence may be served, since the copyright claim was dismissed virtually at the outset of the case. However, the plaintiff's failure to respond to the motion to dismiss for failure to state a claim on which relief could be granted can only be considered to have been objectively unreasonable, whatever the merits of the claim might be, and some compensation is justified under the circumstances. I conclude that some award of attorney fees to the defendants who prevailed on the Rule 12(b)(6) motion is appropriate on the

copyright claim. *See generally García-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 20-21 (1st Cir. 2005).

With respect to the claim for trademark infringement, brought under statutes commonly referred to as the Lanham Act, attorney fees may be awarded to prevailing parties in "exceptional cases." 15 U.S.C. § 1117(a). The First Circuit defines "exceptional cases" as those in which the acts of infringement were malicious, fraudulent, deliberate or willful. *Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*, 294 F.3d 227, 229 (1st Cir. 2002). Bad faith or fraud is not necessary; attorney fees may be awarded for willful conduct, taking into account all the facts and equities of the case. *Id*. Of course, no assessment of the nature of the alleged acts of infringement was made in this case. The moving defendants argue that the plaintiff's conduct with respect to all claims "unreasonably increased the cost of defending against the suit," citing a case from the Seventh Circuit in which that factor was considered in connection with a Lanham Act claim. Reply at 6. However, I do not consider the specific instances cited by the moving defendants in support of this argument to be so unreasonable as to justify an award of attorney fees under the Lanham Act standard.[3] I conclude that an award of attorney fees is not justified with respect to the Lanham Act claims.

With respect to the moving defendants' argument that they are entitled to an award of attorney fees in connection with the plaintiff's state-law claim for misappropriation of trade secrets, the plaintiff asserts that it did not act in bad faith in bringing this claim.[4] Opposition at 19. In order for an award of attorney fees to be made under 10 M.R.S.A. § 1545, there must be a finding that the claim of misappropriation was made in bad faith. The moving defendants do not respond directly to the

---

[3] The moving defendants' argument with respect to the costs of the plaintiff's appeal, Reply at 7, should be directed to the First Circuit rather than the trial court.

[4] In their reply memorandum, the moving defendants assert that they are also entitled to attorney fees on their claim for unfair competition (Count XIV of the complaint). Reply at 4. However, attorney fees with respect to that claim were not sought in their initial motion, Motion at 3-4, and such a claim may not be asserted for the first time in a reply memorandum. This argument will not be (*continued on next page*)

plaintiff's assertion, Opposition at 19-20, that it did not act in bad faith in bringing this particular claim. Rather, they contend as to all of the claims in connection with which attorney fees may be available that a dismissal under Rule 12(b)(6) means that they have prevailed on those claims, Reply at 4, and that the *Fogerty* factors have been established, *id*. at 6. They conclude that "[a]ll these facts also demonstrate . . . that this claim was brought in bad faith." *Id*. at 7. This assertion is incorrect. I have concluded that most of the *Fogerty* factors have not been established. Objective unreasonableness consisting of a failure to defend against a Rule 12(b)(6) motion and a resulting dismissal do not establish the existence of bad faith. Something more is required, something that is not present here.

Because I have determined that the moving defendants who succeeded on the Rule 12(b)(6) motion are entitled to an award of attorney fees under the copyright claim, it is necessary to reach the plaintiff's argument that the billing records submitted by the moving defendants are replete with ambiguous entries and entries for which reimbursement may not be sought. Opposition at 20-23.[5] The moving defendants respond that the plaintiff's claims were so intertwined as to entitle them to an award of all fees incurred for work on all of the claims. Reply at 7-9. Here, the moving defendants did not "lose" on any of the claims brought by the plaintiff. They "won" on all claims, but are entitled to recover attorney fees on only one of the claims. I agree with the moving defendants, *id*. at 8, that all of the claims in the complaint "involve a common core of facts or [are] based on related legal theories," *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), and that at the point in a case where a motion to dismiss is at issue, counsel's time is generally devoted to the litigation as a whole, "making

---

considered further.

[5] I reject the plaintiff's contention that the defendants must submit invoices showing what each defendant paid individually in attorney fees and costs. Opposition at 23-24.

it difficult to divide the hours expended on a claim-by-claim basis," *id*. While this is not a civil-rights claim, as was *Hensley*, these considerations are nevertheless applicable here.

The three moving defendants state that they have "collectively" paid $18,791.29 "towards fees and costs incurred in this matter" and that they remain "jointly and severally liable for $21,215.65 in fees and costs that remain unpaid as of this date." Amended Motion at 1. I have concluded that an award of attorney fees is available only in connection with the copyright infringement claim, one of fourteen counts in the complaint. My conclusion that such an award is not to be made in connection with the other claims where it would be available by law, as well as the fact that such an award is not available at all on the remaining claims, justifies a significant reduction in the amount requested. In addition, the moving defendants have made no attempt in the amended motion to distinguish attorney fees from costs. Bearing the foregoing analysis in mind, and having carefully reviewed the submitted itemization of fees claimed, I conclude that an award of $8,000.00 in attorney fees is appropriate under the circumstances.

## Conclusion

For the foregoing reasons, I recommend that the motion for an award of attorney fees be **GRANTED** as to defendants Ange and Keiser in the amount of $8,000.00 and otherwise **DENIED**. The request for an award of costs to all moving defendants will be addressed by the clerk of this court.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

9

Dated this 30th day of March, 2007.

   /s/ David M. Cohen
David M. Cohen
United States Magistrate Judge